# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDEN SHANNON, ) ) Plaintiff, ) ) vs. ) ) ) EAST ST. LOUIS POLICE ) DEPARTMENT, ) MICHAEL BAXTON, ) LUTHER WOODS, ) JUAN MCCOY, ) RICHARD SHARP, ) and DEBRA WOOD, ) ) Defendants. ) | Case No. 19-cv-379-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Branden Shannon, a detainee at Washington County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was traumatized due to a shoot-out with police.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

In his Complaint (Docs. 1 and 3)[1], Plaintiff makes the following allegations: On February 18, 2018, while sitting at a McDonald's drive-thru in East St. Louis, Illinois, Plaintiff's truck was surrounded by East St. Louis police officers who began firing on the car. (Doc. 3, p. 6). The police officers riddled the truck with bullets, with no apparent reason according to Plaintiff. Plaintiff's brother was hit by the bullets. Plaintiff blacked out and woke up on the ground, handcuffed behind his back. Plaintiff believes that he was wrongly accused. (*Id.*). As a result of the incident, Plaintiff suffers from post-traumatic stress disorder, nightmares, and a twitch in his eye. (*Id*. at pp. 6-7).

**Discussion**

The Court first notes that although Plaintiff identifies the East St. Louis Police Department as a Defendant, a police department is not a suable entity apart from the city which operates it. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). Further, a municipality may only be sued in a civil rights action if the constitutional deprivations were the result of an official policy, custom, or practice of the municipality. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). To the extent Plaintiff seeks to hold a municipality liable, he has not pointed to a policy, practice, or custom that caused his constitutional deprivations. The East St. Louis Police Department shall be **DISMISSED with prejudice**.

The remainder of the Complaint must be dismissed without prejudice at this time for failure to state a claim upon which relief may be granted. Although Plaintiff lists a number of

---

[1] Plaintiff originally filed a Complaint on April 4, 2019 (Doc. 1) which consists of two pages indicating that he almost lost his life due to the actions of the East St. Louis Police Department and that he suffered from post-traumatic stress disorder. He later filed a full Complaint on April 5, 2019 (Doc. 3).

individuals as Defendants in his Complaint, Plaintiff does not associate his claims with any particular individual. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff only alleges that the various individual Defendants were on duty without indicating how they participated in any constitutional violation. This is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Further, the Court is unable to determine what constitutional right Plaintiff claims was violated. He only indicates that his truck was riddled with bullets, he was arrested, and he now has post traumatic stress syndrome. He does not allege what, if any, constitutional right was violated by the Defendants.

A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Plaintiff wants to pursue his claims, he must file an amended complaint. The amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated, which he has not done with his current Complaint. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift)). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Docs. 1 and 3) is **DISMISSED without prejudice** for failure to state a claim.

**FURTHER**, the East St. Louis Police Department is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate the party from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **July 8, 2019.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 6/10/2019**

s/J. Phil Gilbert<br>
**United States District Judge**